# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| KING SOLOMON SEALS-SUPALUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-982-SRW |
| ) | |
| JOYCE RUSSELL and ) | |
| THE M.S. OF A., INC. HOME OFFICE, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Self-represented Plaintiff King Solomon Seals-Supalus brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 4. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### **Plaintiff's Background and Filing Fee Status**

Although Plaintiff currently resides at a nursing home in St. Louis, Missouri, Plaintiff is well-known to the Court as a frequent filer during his incarceration with the Missouri Department of Corrections. *See* ECF No. 1 at 2 (where Plaintiff describes himself as a "convicted and sentenced state prisoner" but states that he was released in November 2020). Plaintiff filed numerous cases with this Court between 2012 and 2019, and even earlier with the United States District Court for the Western District of Missouri. *See infra* notes 2 & 3. Plaintiff

filed cases under various names including "Solomon Seals," "King Solomon Seals," and "Solomon Seals-Supalus." *Id.*; *see also* ECF No. 1-1 at 2 (listing Plaintiff's "free National Names"). In many of these cases, Plaintiff describes himself as "The Sultan or Allah himself," "The Prophet Noble Drew Ali," and "The Adept Chamber of the M.S.J. of a 3rd Heaven." *Id.*; ECF No. 1 at 1-2.

While incarcerated, many of Plaintiff's cases were dismissed under the Prison Litigation Reform Act's "three strikes" provision of 28 U.S.C. § 1915(g). *See* ECF No. 1 at 8 (Plaintiff admits that he has had cases dismissed under the three strikes rule). Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. As of 1997, the United States District Court for the Western District of Missouri determined that, pursuant to 28 U.S.C. § 1915(g), Plaintiff could not proceed *in forma pauperis* in an action.[1] Furthermore, in this Court, Plaintiff has filed over twenty separate cases in which he was denied *in forma pauperis* status on the basis of § 1915(g).[2]

---

[1] *See Seales v. Groose*, No. 2:97-CV-4011-NKL (W.D. Mo. Jan. 16, 1997) (dismissed Mar. 17, 1997); *Seales v. Groose*, No. 2:97-CV-4126-SOW (W.D. Mo. May 1, 1997) (dismissed July 2, 1997); *Seals v. Groose*, No. 2:98-CV-4069-SOW (W.D. Mo. Mar. 19, 1998) (dismissed May 20, 1998); *Seals v. Kemna*, No. 2:98-CV-4133-NKL (W.D. Mo. May 27, 1998) (dismissed July 29, 1998); *Seals v. Adept Chamber of Moorish Science*, No. 2:98-CV-4162-NKL (W.D. Mo. June 24, 1998) (dismissed Aug. 21, 1998); *Seals v. Kemna*, No. 2:98-CV-4208-SOW (W.D. Mo. Aug. 21, 1998) (dismissed Nov. 3, 1998); *Seales v. Purkett*, No. 2:99-CV-4043-NKL to No. 2:99-CV-4050-NKL (W.D. Mo. Mar. 2, 1999) (dismissed Apr. 19, 1999); and *Seales v. Jeff. City Corr. Ctr.*, No. 2:99-CV-4210-NKL (W.D. Mo. Aug. 18, 1999) (dismissed Oct. 29, 1999).

[2] *See Seales v. Adams*, No. 4:12-CV-920-AGF (E.D. Mo. May 18, 2012) (dismissed June 1, 2012); *Seales v. Cir. Ct. of St. Louis County, Mo.*, No. 4:12-CV-1004-NAB (E.D. Mo. June 1, 2012) (dismissed June 6, 2012); *Seales v. Warden of PCC*, No. 4:12-CV-1096-NAB (E.D. Mo. June 18, 2012) (dismissed June 26, 2012); *Seales v. Gravett*, No. 4:12-CV-1139-JAR (E.D. Mo. June 21, 2012) (dismissed July 2, 2012); *Seales v. Gilmer*, No. 4:12-CV-1149-ERW (E.D. Mo. June 25, 2012) (dismissed July 5, 2012); *Seales v. Landrum*, No. 4:12-CV-1181-CAS (E.D. Mo. June 27, 2012) (dismissed July 16, 2012); *Seales v. Each Psychologist at PCC*, No. 4:12-CV-1186-CDP (E.D. Mo. June 27, 2012) (dismissed July 23, 2012); *Seales v. Mo. State Prob. and Parole*, No. 4:12-CV-1781-CDP (E.D. Mo. Oct. 1, 2012) (dismissed Oct. 17, 2012); *Seales v. Nixon*, No. 4:12-CV-1829-CAS (E.D. Mo. Oct. 5, 2012) (dismissed Oct. 16, 2012); *Seales v. U.S. Dist. Ct., E. Dist. of Mo.*, No. 4:12-CV-2084-FRB (E.D. Mo. Nov. 5, 2012) (dismissed Nov. 20, 2012); *Seales v. Warden of PCC*, No. 4:12-CV-2237-NAB (E.D. Mo. Nov. 28, 2012) (dismissed Dec. 10, 2012); *Seales v. Scaife*, No. 4:12-CV-2375-SNLJ (E.D. Mo. Dec. 21, 2012) (dismissed Jan. 3, 2013); *Seales v. Hiawatha*, No. 4:13-CV-373-SPM (E.D. Mo. Feb. 27, 2013) (dismissed Mar. 6, 2013); *Seales v.*

However, because Plaintiff is no longer incarcerated, the three strikes rule does not bar him leave to proceed *in forma pauperis*. Based on the financial information provided in his motion to proceed without prepayment of fees and costs, Plaintiff lacks the funds to pay the filing fee in this matter. As such, the motion will be granted, and the filing fee will be waived. *See* 28 U.S.C. § 1915(a)(1).

**Plaintiff's Complaint and Exhibits**

Although Plaintiff is no longer incarcerated, he initiated this civil action on a Court-form for cases filed by prisoners seeking relief under 42 U.S.C. § 1983. ECF No. 1 at 1. He appears to have named two defendants: (1) a former landlord, Joyce Russell; and (2) "The M.S.J. of A. Inc. Home Office," located in Washington D.C. *Id.* at 1-3. Both defendants are named in their individual and official capacities. *Id.* at 2-3.

Plaintiff's 'Statement of Claim' is very brief, yet difficult to decipher. Plaintiff states that he was evicted on February 3, 2024, from an address located in St. Louis, Missouri. *Id.* at 3. According to Plaintiff, an unidentified "he" – presumably landlord Russell – broke into Plaintiff's apartment. Plaintiff alleges that it must have been Russell who committed the break-in because they "were the only ones with keys to the apartment." *Id.* at 3. In terms of injuries suffered, Plaintiff asserts that he was hospitalized for illnesses including being "swollen up everywhere from head to toes." *Id.* at 3-4. Plaintiff also seems to be claiming that landlord

---

*Reese*, No. 4:13-CV-1696-RWS (E.D. Mo. Aug. 23, 2013) (dismissed Sept. 11, 2013); *Seals v. Perkins*, No. 4:17-CV-2205-JCH (E.D. Mo. Aug. 3, 2017) (dismissed Aug. 7, 2017); *Seals v. Griffith*, No. 4:17-CV-2515-SNLJ (E.D. Mo. Oct. 2, 2017) (dismissed Oct. 5, 2017); *Seals v. Muslims*, No. 4:18-CV-1215-RWS (E.D. Mo. July 23, 2018) (dismissed Aug. 27, 2018); *Seals v. Christian Ministries of PCC*, No. 4:18-CV-1401-HEA (E.D. Mo. Aug. 22, 2018) (dismissed Aug. 27, 2018); *Seals v. N.A.A.C.P.*, No. 4:19-CV-809-SNLJ (E.D. Mo. Apr. 1, 2019) (dismissed July 1, 2019); *Seals v. Jones-Bey*, No. 4:19-CV-2237-JAR (E.D. Mo. July 25, 2019) (dismissed July 29, 2019); *Seals v. Potosi Correctional Center et al.*, No. 4:19-CV-2598-SPM (E.D. Mo. Sept. 19, 2019) (dismissed Sept. 23, 2019); and *Solomon v. Warden at NECC et al.*, No. 2:19-CV-82-ACL (E.D. Mo. Oct. 31, 2019) (dismissed Nov. 7. 2019).

3

Russell poisoned him. *Id.* at 4 (alleging that "he poisen [sic] me, so I was in really bad condition or shape!").

In the 'Relief' section of the form complaint, Plaintiff states, in his own words:

> I am a moorish-american asiactic-moslem and not a christian, period; and not planning on becoming a christian. His religion is christianity, so he were in opposition & evil motives and malicious feelings concerning me and my corporation from the beginning. I'm filing for actual and punitive damages of $700,707,700 zillion dollars.

*Id.* at 5.

Finally, Plaintiff attached multiple exhibits to the complaint which appear completely unrelated to his factual allegations. ECF Nos. 1-1 & 1-2. These exhibits include the Acts of the Moorish Science Temple of America, a printout of internet search results on the meaning of "affirm," opinions from two of his state court appellate cases, the language of the State of Illinois' Religious Corporation Act, certificates of achievement in certain training courses taken while Plaintiff was incarcerated, and a letter he received concerning health coverage for a hospital stay. ECF Nos. 1-1 at 1-26, 1-2 at 1-3.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be

4

considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Discussion

After careful review and liberal construction of the pleadings, this case will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West*

*v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff fails to establish either of these elements against any defendant in his pleadings.

First, Plaintiff does not assert that defendants violated any right secured by the Constitution or the laws of the United States.  As for defendant "The M.S.J. of A. Inc. Home Office," Plaintiff's complaint fails to state a claim against this defendant because Plaintiff merely names this defendant without alleging it committed any wrongdoing.  *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

As for landlord Russell, Plaintiff alleges that Russell evicted him, broke into his apartment (even though he had keys), possibly poisoned him, and had malicious and evil feelings towards him because they practiced different religions.  None of these conclusory allegations against landlord Russell are enough to state a violation of a federally protected right.  Although self-represented pleadings are held to a less stringent standard than formal pleadings drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), nevertheless, such pleadings cannot be conclusory, and must set forth facts that, taken as true, state a claim as a matter of law.  *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983).  A court will not supply additional facts or create a legal theory assuming facts that have not been pleaded.  *Stone*, 364 F.3d at 914.  In this case, Plaintiff does not allege enough facts to support a claim against defendant Russell for a violation of a federally protected right.

Second, only state actors can be held liable under § 1983.  *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement,

not infringement by private parties). When a private party acts under color of state law, it can be held liable under § 1983 only if it is a "willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009) (internal citation omitted); *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). To state a claim against a private party under § 1983, a plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). In this case, Plaintiff makes no allegations that either named defendant participated in a joint activity with the State or reached a mutual understanding with a state actor.

For these reasons, Plaintiff's complaint fails to state a viable claim under 42 U.S.C. § 1983. As such, this case must be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 4] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to any defendant because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B). An Order of Dismissal will accompany this Memorandum and Order.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

                                          */s/ Catherine D. Perry*
                                          CATHERINE D. PERRY
                                          UNITED STATES DISTRICT JUDGE

Dated this 25th day of September, 2024.